No. 624 .

First Circuit

CROWLEY DRILLING CO. v. WERNER

(April 14, 1930. Opinion and Decree.)

Taylor & Parker, of Baton Rouge, attorneys for plaintiff, appellant.

Benton & Benton and D. J. Sanchez, of Baton Rouge, attorneys for defendant, appellee.

MOUTON, J. This suit is for the recovery of $1,000 for the lease of a drilling rig; $107 for the price of a self-contained pump, and for $594, the value of 2,200 feet of tubings. The demand was dismissed on an exception of no cause of action.

The lease of the drilling rig was made by notarial act between Ben R. White, agent of plaintiff company, and Burt Baker, as lessee, as appears by the act which was produced on a motion for oyer.

The demand is made against J. C. Werner, defendant, on the averment that the lease of the rig was entered into by Burt Baker for Werner, as his agent. The allegations of the petition lead to the conclusion that Werner was known to plaintiff company when the contract of lease was executed, and there is nothing to indicate that he was an undisclosed principal at that time. It must also be observed that the contract says the lease is made with Burt Baker, or assigns. It is evident that he could not make an assignment of the lease unless he was the real lessee, or owner of the lease. There are no allegations of either fraud or error by plaintiff to authorize the reception of parole evidence to affect the written contract of lease. Such evidence would be inadmissible and, as to the claim for the lease of the drilling rig, we think, the demand in that respect was properly dismissed under the exception.

Plaintiff is also claiming $107 for the price of a self-contained pump, and $594 for the value of tubings. In respect to the pump, plaintiff avers it was bought from it by Werner, defendant, through his agent, James White. There is nothing in the contract of lease, or the other documents produced on oyer, to affect that averment. Plaintiff has a cause of action on its allegations for that item, which must be taken as true under the exception.

In reference to the tubings, plaintiff avers they were borrowed from it by defendant, Werner, personally, which plaintiff alleges he agreed to pay for if lost while used in a well; that they were lost, and that defendant is responsible for their value alleged to be $594. Here is an allegation of direct liability on the part of defendant in which no question of agency arises, or any other, either from the petition or documents, that could militate against plaintiff's rights for that item. For that amount, plaintiff has also a cause of action.

It is therefore ordered, adjudged, and decreed that the judgment is affirmed in so far as it dismisses the claim of $1,000 for the lease of the drilling outfit; that it be, and is hereby, reversed insofar as it rejects the items claimed for the price of the pump, and the value of the tubings; that the case be remanded for trial in reference to said two items, and be proceeded with according to law; appellee to pay the cost of this appeal; the other costs to abide the decision of the case.